# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES J. BIRGANS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. MC-12-S-03830-NE |
| MAGNOLIA AUTO SALES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the court on a motion by plaintiff, Charles J. Birgans, to withdraw the reference of this action to the Bankruptcy Court.[1] After plaintiff filed for Chapter 13 bankruptcy under 11 U.S.C. § 1301 *et seq.*, defendant, Magnolia Auto Sales, Inc., filed a claim in its capacity as a creditor.[2] Plaintiff then filed an adversary complaint alleging that defendant had violated the federal Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, and the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 *et seq.* (1975), and that defendant had committed state-law negligence and wantonness.[3] Plaintiff alleged the claims to be non-core, but related to the bankruptcy case pursuant to 28 U.S.C. §157, and demanded a trial by jury.[4]

## I. DISCUSSION

---

[1] Doc. no. 1 (Motion to Withdraw Reference).

[2] *Id.* at 1.

[3] Doc. no. 1-7 (First Amended Complaint).

[4] *Id.* ¶ 2.

Under 28 U.S.C. § 157, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (alteration supplied). Section 157 also permits a district court to

> withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and *other laws of the United States regulating organizations or activities affecting interstate commerce.*

28 U.S.C. § 157(d) (emphasis supplied).

Accordingly, § 157 creates two separate standards for withdrawal of reference: *i.e.*, *mandatory* withdrawal "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," and *permissive* withdrawal "for cause shown." *See, e.g., Abrahams v. Phill-Con Servs.*, LLC, Case No. 10-0326, 2010 U.S. Dist. LEXIS 124379 at *4 (S.D. Ala. Nov. 23, 2010) (discussing mandatory withdrawal); *id.* at 11 (discussing permissive withdrawal). As plaintiff does not state whether he seeks mandatory or permissive withdrawal of reference, this court will consider the grounds for withdrawal under both standards in turn.

**I.     Mandatory Withdrawal of Reference**

Even though § 157(d) may *seem* to set a somewhat lax standard for granting

mandatory withdrawal,

> "[o]verwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would eviscerate much of the work of the bankruptcy courts . . . ." *In re Vicars Insurance Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (internal quotes omitted). Thus, "courts have uniformly agreed that a narrow interpretation is indeed required." *Id.*
>
> Several narrowing readings have been offered, but only one "has been accepted as an appropriate reading of the statute and effectuation of Congress' intent by most courts." *Vicars Insurance*, 96 F.3d at 952. Under this view, "*withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law.*" *Id.* (internal quotes omitted). Of course, the term "substantial" is not self-defining, but "[t]he majority of courts . . . generally require that the issues in question require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; *significant interpretation of the non-Code statute must be required*." *Id.* at 953 (internal quotes omitted). The Eleventh Circuit appears not to have addressed the issue, but district courts within this Circuit have regularly embraced the "substantial and material" standard and its "significant interpretation" gloss,[5] as have district courts elsewhere.[6]

---

[5] In support, the *Abrahams* opinion cites the following cases from courts within the Eleventh Circuit: *BankUnited Financial Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010) (Huck, J.); *In re Security Bank Corp.*, Case No. 09-52409, 2010 WL 2464966 at *3 (M.D. Ga. 2010) (Royal, J.); *In re Tousa, Inc.*, Case No. 10-60206, 2010 WL 1644456 at *2-3 (S.D. Fla. 2010) (Cohn, J.); *In re Pearlman*, Case No. 08-81-22, 2008 WL 786809 at *1 (M.D. Fla. 2008) (Conway, J.); *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004) (Fitzpatrick, J.); *In re Hvide Marine, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000) (Lazzara, J.); *In re TPI International Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998). *See Abrahams v. Phill-Con Servs., LLC*, Case No. 10-0326, 2010 U.S. Dist. LEXIS 124379 at *5-6 n.3 (S.D. Ala. Nov. 23, 2010).

[6] In support, the *Abrahams* opinion cites the following cases from courts outside the Eleventh Circuit: *In re Boston Generating, LLC*, Case No. 10-6528, 2010 WL 4288171 at *4 (S.D. N.Y. 2010); *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (S.D. Tex. 2009); *In re Creekside Vineyards, Inc.*, Case No. 09-2273, 2009 WL 3378989 at *5 (E.D. Cal. 2009); *In re Van Vleet*, Case No. 08-00506, 2009 WL 3162212 at *17 (D. Colo. 2009); *Murphy v. County of*

*Abrahams*, 2010 U.S. Dist. LEXIS 124379 at *4-6 (alterations in original; emphasis supplied).

"Courts employing the 'substantial and material' test have expressed concern that parties could undermine Congress' intent to give district courts the discretion to refer Title 11 cases to bankruptcy courts by alleging insubstantial claims involving non-bankruptcy code federal law." *Safety Guide of Ala., LLC v. McKnight Construction Co.*, Case No. 08-03415, 2009 U.S. Dist. LEXIS 109957 at *5 (M.D. Ala. Nov. 24, 2009) (citing *In re American Body Armor & Equipment, Inc.*, 155 B.R. 588, 591 (M.D. Fla. 1993); *United States v. ILCO, Inc.*, 48 B.R. 1016, 1021 (N.D. Ala. 1985)). Accordingly, "*[t]he party seeking withdrawal bears the burden of demonstrating that it is required.*" *Abrahams*, 2010 U.S. Dist. LEXIS 124379 at *10 (citing *In re Vicars Insurance Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996)) (alteration and emphasis supplied).

As in *Abrahams*, the plaintiff in this action has "failed to show that this action requires *significant* interpretation of any non-bankruptcy law of the United States, and [he has] thus failed to meet [his] burden." *See Abrahams*, 2010 U.S. Dist. LEXIS

---

*Chemung*, 410 B.R. 145, 148 (W.D. N.Y. 2009); *In re Snooks*, Case No. 08-14180, 2009 WL 230598 at *2 (E.D. Mich. 2009); *Snodgrass v. New Century Mortgage Corp.*, 358 B.R. 675, 679 (S.D. W. Va. 2006); *In re Rivera*, Case No. 05-065, 2005 WL 4001273 at *2 (N.D. Ohio 2005); *In re 3dfx Interactive, Inc.*, Case No. 02-55795, 2005 WL 1074407 at *3 (N.D. Cal. 2005); *In re Apponline.com, Inc.*, 303 B.R. 723, 726 (E.D. N.Y. 2004); *Southern Pacific Transportation Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373, 382 (E.D. Tex. 2000); *In re Service Marine Industries, Inc.*, Case No. 00-579, 2000 WL 777912 at *2 (E.D. La. 2000). *See Abrahams*, 2010 U.S. Dist. LEXIS 124379 at *6 n.4.

124379 at *10 (alterations and emphasis supplied). The mere fact that plaintiff filed a claim under the federal Truth in Lending Act is not enough to show that "the issues in question require *more* than the mere application of well-settled or 'hornbook' non-bankruptcy law." *See id.* at 5 (emphasis supplied). That plaintiff only asserts a single count against defendant under federal law, and that he asserts two other counts against defendant under state law, also counsels against a finding that this action requires significant interpretation of any non-bankruptcy law of the United States. *See McKnight*, 2009 U.S. Dist. LEXIS 109957 at *5-6 (holding that, "[g]iven the unique circumstances of this case where a few, but certainly not most of the claims in the adversary proceeding arise under federal law, but the other claims arise under Alabama common law or an Alabama statute, the Court cannot conclude that the applicable of the 'substantial and material' test warrants mandatory withdrawal") (alteration supplied). Likewise, that defendant has not opposed plaintiff's motion for withdrawal of reference is not dispositive of whether this court should grant the motion.[7] *See Abrahams*, 2010 U.S. Dist. LEXIS 124379 at *10 -11 (holding that the fact "[t]hat Phill-Con 'concedes' that mandatory withdrawal applies, (Doc. 15 at 2), does not make it so or remedy the deficiency in the plaintiffs' presentation") (alteration supplied).

---

[7] This court ordered any party wishing to respond to plaintiff's motion for withdrawal of reference to do so by November 27, 2012. *See* unnumbered Order Entered November 13, 2012. As no response has been filed, it is assumed that the motion is not opposed.

## II. Permissive Withdrawal of Reference

Section 157(d) also permits a district court to withdraw a reference "for cause shown." *Abrahams*, 2010 U.S. Dist. LEXIS 124379 at *10 -11. "The decision whether to withdraw the reference is committed to the district court's discretion." *Abrahams*, 2010 U.S. Dist. LEXIS 124379 at *11 (citing *In re Tate*, Case No. 09-0039, 2010 WL 320488 at *8 (S.D. Ala. Jan. 18, 2010)). In determining the existence of cause for withdrawal of reference, the Eleventh Circuit directs the courts to "consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir.1991); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir.1985)).

"Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Price*, Case No. 06-3317, 2007 WL 2332536 at *2 (M.D. Ala. 2007); *BankUnited Financial Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010). Even so, "[t]he mere fact a bankruptcy proceeding is not a core proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference." *In re Tate*,

2010 WL 320488 at *10 (quoting *Eide v. Haas (In re H & W Motor Express Co.)*, 343 B.R. 208, 215 (N.D. Iowa 2006)) (alteration supplied). Likewise, "'[f]ederal courts have universally held that a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction.'" *In re Tate*, 2010 WL 320488 at *9 (quoting *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007)) (alteration supplied).

Granting plaintiff's motion for withdrawal of reference would undermine the goals of promoting uniformity, economy, efficiency, and preventing forum shopping, confusion, and delay. As of November 6, 2012, the record in the bankruptcy proceeding contained fifty-four documents,[8] and the record in the in the adversary proceeding contained twenty documents,[9] including an amended complaint,[10] an answer,[11] and an order setting the trial of plaintiff's claims against defendant for February 4, 2013.[12] Accordingly, the bankruptcy court is already familiar with the facts and law regarding plaintiff's various claims and has taken steps toward their resolution, while this court would effectively have to start from scratch.

---

[8] Doc. no. 1-4 (Bankruptcy Proceeding Docket Sheet).
[9] Doc. no. 1-5 (Adversary Proceeding Docket Sheet).
[10] Doc. no. 1-7 (Amended Complaint).
[11] Doc. no. 1-8 (Answer).
[12] Doc. no. 1-9 (Pretrial Order).

## II.  CONCLUSION

For the reasons explained above, the motion to withdraw the reference of this action to the Bankruptcy Court is DENIED.

DONE and ORDERED this 29th day of November, 2012.

_____
United States District Judge